UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

UNITED STATES,

          - against -               06 Cr. 143 (JGK)

PAUL KARKENNY,                  OPINION AND ORDER

               Defendant.

─────────────────────────────────────

JOHN G. KOELTL, District Judge:

The pro se defendant moves pursuant to 18 U.S.C.
§ 3582(c)(2) for a reduction in his sentence.  For the reasons
that follow, the defendant's motion is **denied.**

## I.

On November 7, 2008, this Court sentenced the defendant
principally to a 186-month term of imprisonment – 180 months for
one Count of conspiracy to distribute and possess with intent to
distribute marijuana in violation of 21 U.S.C. § 846, and a 6
month consecutive sentence pursuant to 18 U.S.C. § 3147 for
committing a crime while on bail.  The defendant argues for a 34
month reduction of his sentence based on the recent Amendment
782 to the United States Sentencing Guidelines that was
effective November 1, 2014.

The defendant's original Guidelines range was 324-405
months based on an offense level of 39 and a criminal history

category of III.  Amendment 782 to the Sentencing Guidelines generally reduced the offense levels for drug offenses by two levels, which would reduce the Guidelines range in this case to 262-327 months.  However, this Court already varied downwardly from the then-applicable Guidelines range by sentencing the defendant to 186 months imprisonment, which is below the range now provided by Amendment 782.

Because this Court's originally imposed sentence of 186 months is below the amended range, the defendant is not eligible for a reduction of his sentence.  See U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range."); Dillon v. United States, 560 U.S. 817, 822 (2010) ("[Section] 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.").  The only exception to this rule permitting the Court to reduce a defendant's sentence further is if the government has made a motion under § 5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35(b) reflecting the defendant's substantial assistance to the authorities.  See U.S.S.G. § 1B1.10(2)(b), and comment. n. 3.  No such motion has been made by the Government in this

case.   Therefore, § 1B1.10(b)(2)(A) prohibits any reduction of

the defendant's sentence in this case.

## II.

The defendant argues that § 1B1.10(b)(2)(A) should not be

applied because it would be a violation of the Ex Post Facto

Clause of the United States Constitution and because its

application violates the Supreme Court's decision in Alleyne v.

United States, 133 S. Ct. 2151 (2013).

## A.

Prior to Amendment 759 to the Sentencing Guidelines, which

became effective on November 1, 2011, a district court could, in

its discretion, reduce a defendant's sentence below the amended

Guidelines range if the original sentence was below the

applicable Guidelines range.[1]   The defendant argues that

Amendment 759, which limited judicial discretion to reduce a

sentence below the amended Guidelines to only cases of

substantial assistance, violates the Ex Post Facto Clause.

The Ex Post Facto Clause prohibits every law that "*changes

the punishment*, and inflicts a *greater punishment*, than the law

---

[1] Amendment 759 also added an application note (now codified as application
note 8) to make it clear that "the Court shall use the version of this policy
statement that is in effect on the date on which the court reduces the
defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."

annexed to the crime, when committed." Collins v. Youngblood,

497 U.S. 37, 42 (1990) (citing Calder v. Bull, 3 U.S. (Dall.)

386, 390) (opinion of Chase, J.) (emphasis in original)).  The

"touchstone" of this inquiry is "whether a given change in law

presents a 'sufficient risk of increasing the measure of

punishment attached to the covered crimes.'"  Peugh v. United

States, 133 S. Ct. 2072, 2082 (2013) (quoting Garner v. Jones,

529 U.S. 244, 253 (2000)).

In Peugh, the Supreme Court held that there is an Ex Post

Facto Clause violation when the defendant is sentenced under

Guidelines that are promulgated after he committed his criminal

acts, and the new version provides a higher Guidelines

sentencing range than the version in place at the time of the

offense.  Id. at 2078.  Unlike in Peugh, the defendant in this

case was not sentenced under a Guidelines range that was

increased after the time of his criminal offense.  Moreover, the

subsequent limitation of this Court's discretion to reduce the

defendant's sentence does not represent an increase in

punishment.  Rather, it simply limits the circumstances in which

the Court can reduce the defendant's sentence.  Accordingly,

this Court joins the appellate courts in other circuits that

have considered and rejected Ex Post Facto challenges to

Amendment 759.  See United States v. Diggs, 768 F.3d 643, 645-46

(7th Cir. 2014); United States v. Waters, 771 F.3d 679, 681 (9th

Cir. 2014); United States v. Colon, 707 F.3d 1255, 1258-59 (11th

Cir. 2013); see also United States v. Worjloh, No. 03cr0240,

2014 WL 1893199, at *4 (E.D.N.Y. May 12, 2014).

**B.**

The defendant also argues that the application of

§ 1B1.10(b)(2)(A) as amended in 2011 violates the Supreme

Court's decision in Alleyne.  In Alleyne, the Court held that

any fact that increases the mandatory minimum for a defendant's

sentence is an "element" of the crime that must be submitted to

the jury.  133 S. Ct. at 2155.  Alleyne was a logical successor

to the Court's decision in Apprendi v. New Jersey, in which the

Court held that facts that expose a defendant to a greater

possible punishment must be submitted to a jury, 530 U.S. 466,

483, n.10, 490 (2000), and the Court's decision in United States

v. Booker, in which the Court held that the Sentencing

Guidelines violated the Sixth Amendment right to jury trial if

they were mandatory.  543 U.S. 220, 233-34 (2005).

Because the mandatory application of § 1B1.10(b)(2)(A) does

not require finding facts or increasing the defendant's

mandatory minimum, Alleyne is plainly inapposite to this case.

In adopting the 2011 amendments, the Sentencing Commission

determined that sentences for drug offenses should generally be reduced, and it had the statutory authority to determine the degree and application of such a reduction.  See United States v. Erskine, 717 F.3d 131, 137 (2d Cir. 2013).  In Erskine, the Second Circuit Court of Appeals rejected the same argument made by the defendant here, stating that "Booker and its progeny do not permit district courts to disregard § 1B1.10(b)(2)(A) by reducing the defendant's sentence below the amended Guidelines range."  Id. at 136.[2]  Accordingly, the defendant's argument based on Alleyne is without merit.

### III.

Finally, the defendant requests that the Court apply the rule of lenity to grant the requested reduction.  Although the rule of lenity is generally applicable to the Sentencing Guidelines and to criminal statutes, "in order for the rule of lenity to apply to a criminal law—or in this case, to a Guideline—the provision of law at issue must be ambiguous." United States v. Simpson, 319 F.3d 81, 87 (2d Cir. 2002). Section 1B1.10(b)(2)(A) is not ambiguous and thus does not justify invocation of the rule of lenity.

---

[2] In Erskine, the Court of Appeals also rejected a separation of powers challenge to § 1B1.10 and an argument that it was not enacted pursuant to the proper procedure.  Id. at 139-141.

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, they are either moot or without merit.  For the reasons discussed, the defendant's motion pursuant to § 3582(c)(2) is **denied.**  The **Clerk is directed to close Docket No. 239.**

**SO ORDERED.**

**Dated:    New York, New York**
          **January 13, 2015**            _____/s/_____
                                          **John G. Koeltl**
                                  **United States District Judge**